OPINION *Page 2 
{¶ 1} Appellant Julie Welborn appeals the decision of the Court of Common Pleas, Stark County, which found her to be a sexual predator pursuant to R.C. 2950 et seq. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} In October 2005, appellant, age 39, traveled from the State of Washington to Stark County to be closer to a fourteen-year-old male in Brewster, Ohio, with whom she had been communicating via the Internet. Appellant eventually arranged and carried out a sexual encounter with said teenage victim. After an investigation by local law enforcement, as further analyzed infra, appellant was arrested and charged with one count of unlawful sexual conduct with a minor (R.C. 2907.04(A)(B)(3)), a felony of the third degree, and one count of importuning (R.C. 2907.07(D)(1)), a felony of the fifth degree.
 {¶ 3} On January 9, 2006, appellant appeared before the trial court and entered a plea of guilty to both charges. On February 27, 2006, following a hearing, appellant was sentenced to four years in prison for unlawful sexual conduct with a minor, and eleven months for importuning, with the sentences to run concurrently. Appellant was also classified as a sexual predator. See Judgment Entries, March 2, 2006.
 {¶ 4} Appellant timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED BY CLASSIFYING APPELLANT AS A SEXUAL PREDATOR." *Page 3 
 I. {¶ 6} In her sole Assignment of Error, appellant contends her sexual predator classification is not supported by the evidence. We disagree.
 {¶ 7} R.C. 2950.01(E)(1) defines "sexual predator" as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review appellant's Assignment of Error under the standard of review contained in CE. MorrisCo. v. Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus.
 {¶ 8} R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in regard to the sexual predator issue:
 {¶ 9} "In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 10} (a) The offender's or delinquent child's age;
 {¶ 11} (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made; *Page 4 
 {¶ 13} (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 14} (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 16} (g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 17} (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 20} In the case sub judice, the trial court had before it a pre-sentence investigation, a psychological report concerning appellant, and the testimony presented *Page 5 
during the classification hearing. At said hearing the court heard the results of investigative work in this case by the Internet Crimes Against Children Task Force and Detective Grizzard of the Massillon Police Department. The investigation revealed that appellant essentially took over an internet acquaintanceship which had commenced between her teenage daughter and the teenage male victim. After appellant began sending e-mails to the victim, she used her financial assets to fund long-distance telephone calls and allowed the victim access to her credit card number. These calls resulted in incidents where appellant and the victim would each engage in masturbation during phone conversations. Eventually, appellant made plans to uproot her family and move to Ohio from Washington, using her daughter as "the excuse" to get together with the victim. Tr. at 39. Appellant contacted a realtor and at first attempted to purchase a house in the Navarre area sight unseen. Said house was near the victim's school. She thereafter acquiesced to the realtor's advice that she should look at the house first, and she traveled with her daughter to Stark County. Late on the second night in town, she left her daughter at a hotel in Massillon and arranged a meeting with the victim. At that time, appellant and the victim engaged in fellatio and cunnilingus. Appellant and her two children returned to Stark County in mid-November 2005, at which time appellant was arrested.
 {¶ 21} In his testimony, Grizzard noted that appellant does not have a criminal record. However, according to his investigation, appellant had been in communication with another fourteen-year-old minor living in Nevada. Tr. at 45.
 {¶ 22} Psychologist Robert Devies, Ph.D., also addressed the court during the classification hearing. His assessment indicated that appellant does not have a high *Page 6 
risk of re-offending, but he admitted that there are currently no credible tests for analyzing female sex offenders. Although he opined that appellant suffered no Axis I mental disorders, he agreed that she was "emotionally functioning" as an adolescent. Tr. at 63. More troubling, his evaluation revealed that "[t]here was a heartfelt belief that [appellant] was going to do her time and get out of prison and they would be together and that she perhaps could have his baby." Tr. at 65.
 {¶ 23} Accordingly, based on the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(3) and that there was competent, credible evidence to support the sexual predator findings made by the trial court at the sentencing hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 24} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 25} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Farmer, P. J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs to appellant. *Page 1